IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  11-cv-00927-LTB

STEVE WALKER,

      Plaintiff,

v.

AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, a foreign corporation,

      Defendant.

_____

ORDER
_____

      This matter is before me on Plaintiff Steve Walker's Motion for Remand **[Doc #6]**.  In his motion, Plaintiff seeks an order remanding this matter to state court pursuant to 28 U.S.C. § 1447(c).  Plaintiff argues that Defendant American Standard Insurance Company of Wisconsin failed to meet its burden of demonstrating the requisite diversity of citizenship between the parties.  Plaintiff further argues that Defendant cannot cure its defective notice of removal because the deadline for filing a proper notice has passed.  After consideration of the parties' arguments, and for the reasons stated below, I DENY Plaintiff's motion.

## I. Background

      Plaintiff filed a complaint against Defendant in state court on March 8, 2011, alleging civil claims related to Plaintiff's automobile insurance contract with Defendant.  Plaintiff seeks to recover insurance benefits from Defendant pursuant to that insurance policy.  Regarding his citizenship, Plaintiff's complaint alleges that "[a]t all times relevant to this lawsuit, Plaintiff has resided in Denver County, Colorado."  Regarding Defendant's citizenship, the complaint alleges

that "American Standard Insurance Company of Wisconsin . . . is an insurance company licensed in, and regularly does business in, the State of Colorado . . . ."

On April 7, 2011, Defendant filed its notice of removal (the "notice") with this Court pursuant to 28 U.S.C. § 1441(a) within the time prescribed by § 1446(b). Defendant alleges that I have original jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000, and there is diversity of citizenship between the parties. With respect to the latter requirement, Defendant's notice states the following:

> Plaintiff is now and was at the time of the commencement of this action a citizen and resident of the State of Colorado. Defendant American Standard is now and was at the time of the commencement of this action incorporated in the State of Wisconsin with its principal place of business in the State of Wisconsin.

Defendant attached exhibits with its notice, including correspondence between Defendant and Plaintiff. Correspondence from Defendant to Plaintiff is addressed to a Denver, Colorado, address. Correspondence from Plaintiff to Defendant is addressed to a Madison, Wisconsin, address. The correspondence also states that Defendant is "a member of the American Family Insurance Group Madison, WI."

On April 25, 2011, Plaintiff filed his motion to remand this matter to state court pursuant to 28 U.S.C. § 1447(c). Plaintiff does not appear to dispute that there is diversity of citizenship between the parties. Instead, Plaintiff argues that Defendant failed to demonstrate that diversity by a preponderance of the evidence, as required by law, because neither his complaint nor Defendant's notice establishes diversity. Thus, Plaintiff argues, the diversity requirement of 28 U.S.C. § 1332(a) is not satisfied, which means that the case must be remanded. Plaintiff further argues that Defendant cannot cure its notice because the time § 1446(b) prescribes for filing a proper notice has expired.

2

## II. Analysis

### A. Law

A defendant may remove any civil action brought in state court to the federal district court of that state if the federal court has original diversity jurisdiction.  28 U.S.C. § 1441(a). The federal district court has such jurisdiction if the amount in controversy exceeds $75,000, and the parties are citizens of different states.  *Id.* § 1332(a).  To remove a case from state to federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  *Id.* § 1446(a).

While the "evident purpose of diversity jurisdiction is to protect out-of-state defendants from possible home-town prejudice," *McPhail v. Deere & Co.*, 529 F.3d 947, 952 (10th Cir. 2008), "there is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).  Indeed, "[r]emoval statutes are to be strictly construed," *Fajen v. Found. Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982), and "[t]he courts must rigorously enforce Congress' intent to restrict federal jurisdiction in controversies between citizens of different states."  *Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1339 (10th Cir. 1998).

It is well-settled that the party invoking federal jurisdiction–the removing party–"bears the burden of proving that such jurisdiction exists." *Montoya v. Chao*, 296 F.3d 952; *accord McPhail*, 529 F.3d at 953 ("[T]he defendant is required to prove jurisdictional facts . . . ."); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 (10th Cir. 1994) ("[T]he burden was on . . . the party invoking federal jurisdiction to show that it exists.").  The removing party in a diversity case must therefore show adequate proof of the amount in controversy and the diversity of

citizenship.  The corollary question–what is the standard of proof with respect to those two

requirements?–is more complex.

The general rule is that "[i]f jurisdiction is challenged, the burden is on the party claiming

jurisdiction to show it *by a preponderance of the evidence*."  *Karnes v. Boeing Co.*, 335 F.3d

1189, 1193 (10th Cir. 2003) (quoting *United States ex rel. Hafter v. Spectrum Emergency Care,

Inc.*, 190 F.3d 1156, 1160 (10th Cir. 1999)) (emphasis added); *accord McNutt v. Gen. Motors

Acceptance Corp.,* 298 U.S. 178, 189 (1936).  This showing must be made in allegations in the

complaint or in the notice of removal.  *Laughlin*, 50 F.3d at 873.  The Tenth Circuit recently

affirmed and more precisely explained the rule in *McPhail*.  *See McPhail, supra*.  There, the

court held that "a proponent of federal jurisdiction must, if material factual allegations are

contested, prove those jurisdictional facts by a preponderance of the evidence."  *Id.* at 955

(quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 553 (7th Cir. 2006)).  The court

carefully distinguished between jurisdiction and jurisdictional facts.  It explained that the

removing party need not show jurisdiction by a preponderance of the evidence, as "jurisdiction

itself is a legal conclusion, a *consequence* of facts rather than a provable 'fact.' "  *Id.* at 954

(quoting *Meridian*, 441 F.3d at 540-41).  Instead, the removing party must prove only contested

jurisdictional facts by a preponderance.  *Id.  McPhail* also explicated a nonexclusive list of ways

whereby the removing party could satisfy this burden: by contentions, interrogatories, or

admissions in state court; by reference to and reliance on the plaintiff's complaint; and by other

evidence submitted in federal court afterward, such as affidavits.  *Id.* at 954-56.

The jurisdictional facts that the removing party must adduce to show diversity are

inherently different from the facts needed to show amount in controversy.  *Compare Buell v.*

*Sears, Roebuck & Co.*, 321 F.2d 468, 470 (10th Cir. 1963) (suggesting that diversity can be shown by alleging that a plaintiff is a citizen of a state different from a defendant corporation's principal place of business), *with McPhail*, 529 F.3d at 954 (explaining that amount in controversy can be shown by a calculation from the complaint's allegations, by evidence about how much it would cost to satisfy plaintiff's demands, or reference to plaintiff's estimates). Although diversity jurisdictional facts have also not been elucidated to the same degree as amount in controversy jurisdictional facts, two Tenth Circuit cases delineate some standards.

In *Buell*, the removing defendant's notice of removal alleged that the plaintiff was a resident and citizen of Colorado but alleged only that it was a New York corporation. 321 F.2d at 470. The court found that the defendant had not met its burden to remove, stating that "[w]here there is not even a general allegation of diversity of citizenship, and where it is merely alleged with respect to a defendant that it is a corporation of a particular state, diversity of citizenship is not clearly alleged." *Id.* at 470. The *Buell* court granted the removing-defendant leave to amend its notice to allege the defendant's principal place of business, suggesting that the allegation concerning plaintiff's citizenship was sufficient and that the notice would be proper once the defendant amended it to comport with the court's opinion. *See id.*

In *Hendrix v. New Amsterdam Cas. Co.*, 390 F.2d 299, 301 (10th Cir. 1968), the court explained that a notice of removal was defective because it alleged an individual-plaintiff's "residence" rather than his "citizenship," and because it failed to specify the defendant's principal place of business. But the court held that the notice could be amended. *See id.* Once the removing-defendant amended its notice of removal to include these allegations, the court held that the notice was sufficient to support removal. *Id.* at 302.

5

*Buell* and *Hendrix* strongly suggest this proposition:  If a defendant-corporation files a notice to remove the individual-plaintiff's case to federal court pursuant to diversity jurisdiction, the removing-defendant will have met its burden to show the required diversity of citizenship by affirmatively alleging the following: diversity of citizenship; the plaintiff's citizenship rather than mere residency; and its principal place of business.  *See Buell, supra*; *Hendrix, supra*.

**B. Discussion**

Plaintiff argues that Defendant did not meet its burden of showing diversity of citizenship by a preponderance of the evidence.  For the reasons explained below, I disagree and deny Plaintiff's motion.

Plaintiff begins by asserting that his complaint makes no allegations as to either party's citizenship.  It is true that "if the in-state plaintiff wishes to remain in state court, all it needs to do is refrain from alleging [diversity jurisdiction requirements] . . . ."  *McPhail*, 529 F.3d at 953.  Plaintiff, however, "cannot avoid removal merely by declining to allege" the parties' citizenship because "[t]his would allow frustration of the purpose of diversity jurisdiction, which is, after all, to protect the out-of-state defendant."  *Id.* at 955.  Insofar as Plaintiff's complaint is silent on citizenship, this simply means Defendant must prove diversity through other means.  *Id.*

Defendant's notice established diversity by a preponderance of the evidence.  I note that Plaintiff does not appear to dispute that there is diversity.  First, Defendant sufficiently shows that Plaintiff is a Colorado citizen.  Quoting *Okland Oil Co. v. Knight*, 92 Fed. Appx. 589, 608 (10th Cir. 2003), Plaintiff argues that "allegations of mere 'residency' may not be equated with 'citizenship' for the purposes of establishing diversity."  While true, this argument is unavailing.  Defendant's notice does not merely allege residency; it affirmatively alleges that Plaintiff is a

6

Colorado citizen.  The notice therefore meets the standard that *Buell* and *Hendrix* delineated with respect to Plaintiff's citizenship.  Moreover, the documents submitted along with the notice, which I am allowed to examine for jurisdictional facts under *McPhail*, show correspondence from Defendant to Plaintiff addressed to Plaintiff at a Denver residential address.  This type of evidence was deemed sufficient to establish removal in *McPhail. See* 529 F.3d at 956-57.

Second, Defendant sufficiently shows that it is a Wisconsin citizen.  In its notice, Defendant affirmatively alleges that Wisconsin is its state of incorporation and its principal place of business.  And, as Plaintiff himself states, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c).  Defendant's notice therefore meets the standard that *Buell* and *Hendrix* delineated with respect to Defendant's citizenship.  Again, the documents attached to Defendant's notice of removal bolster this conclusion.  Correspondence from Plaintiff's counsel to Defendant was sent to a Wisconsin address.

Defendant also affirmatively alleges diversity of citizenship.  This general allegation, combined with the allegations regarding the parties' citizenship and the jurisdictional facts gleaned from Defendant's notice and the documents attached thereto, establish that is it more likely than not that there is diversity of citizenship.  *See Buell, supra*; *Hendrix*, *supra*; *and McPhail*, *supra*.  Hence, Defendant has met its burden to show the diversity of citizenship necessary to remove the case.  Plaintiff's arguments are overly-technical and ask for more than the preponderance standard requires.

Additionally, the cases upon which Plaintiff heavily relies do not support his argument.  Both *Klein v. State Farm Mut. Ins. Co.*, 2008 WL 4948775 (D. Colo. Nov. 18, 2008), and *Tafoya*

*v. American Family Ins. Co.*, 2009 WL 211661 (D. Colo. Jan. 28, 2009), involved notices of removal that did not allege an amount in controversy and instead relied on the plaintiffs' civil cover sheets. Defendant here did more. In its notice, Defendant cited the allegations in the complaint and affirmatively alleged general diversity and the parties' citizenship. Defendant also attached correspondence between it and Plaintiff showing appertaining addresses. These are the same types of evidence that the *McPhail* court found sufficient to support removal and deny remand. *McPhail*, 529 F.3d at 956-57.

Because I find that Defendant has met its burden of showing diversity of citizenship by a preponderance of the evidence, I decline to address Plaintiff's argument that Defendant is precluded from amending its notice.

For the reasons set forth above, IT IS ORDERED that Plaintiff's Motion for Remand **[Doc #6]** is DENIED.

Date: August __5__, 2011 in Denver, Colorado.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE