IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 11-cv-00927-LTB

STEVE WALKER,

        Plaintiff,

v.

AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN, a foreign corporation,

        Defendant.

_____

ORDER
_____

This matter is before me on Defendant American Standard Insurance Company of Wisconsin's Motion to Amend Answer to Assert Additional Affirmative Defense **[Doc #11]**. Defendant's motion seeks leave pursuant to Fed. R. Civ. P. 15(a)(2) to file an amended answer so as to assert Plaintiff Steve Walker's comparative negligence as an additional affirmative defense. Defendant also tendered the amended answer with its motion. For the reasons stated herein, I GRANT Defendant's motion and accept its amended answer.

**I. Background**

Plaintiff's complaint stems from an October 5, 2010, automobile accident in which an underinsured motorist struck Plaintiff from behind with his car while Plaintiff was riding his motorcycle. Plaintiff alleges that the collision caused him to sustain injuries and damages and that he was not negligent in the accident.

Defendant is Plaintiff's automobile insurance carrier. Specifically with respect to uninsured and underinsured motorists ("UM") coverage and protection, Plaintiff's policy provides the following: "[Defendant] will pay compensatory damages for bodily injury which an insured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle or an underinsured motor vehicle."

With Defendant's permission, Plaintiff settled with the third-party involved in the accident and the third-party's insurance carrier for policy limits of $25,000. Plaintiff alleges that this amount was insufficient to fully compensate him for his injuries, damages, and losses. Plaintiff then submitted a claim to Defendant for the payment of UM benefits pursuant to his policy. Plaintiff alleges that Defendant "failed to respond to [his] request" for, and "unreasonably failed and refused to pay," UM benefits for damages that he was "legally entitled to collect" from the third-party. Plaintiff further alleges that "as of the filing of this Complaint, Defendant has not responded to requests for [UM] benefits."

Based on these allegations, Plaintiff filed a complaint in state court against Defendant on March 8, 2011, asserting three claims: breach of contract; a statutory claim under Colo. Rev. Stat. § 10-3-1116; and insurance bad faith. Defendant filed its answer on April 4, 2011, in which Defendant asserted five affirmative defenses. Defendant then removed the case to this Court on April 7, 2011, under 28 U.S.C. § 1447(c).

On July 15, 2011, Defendant filed this motion pursuant to Fed. R. Civ. P. 15(a)(2), asking for leave to amend its original answer in order to assert Plaintiff's contributory negligence as an additional affirmative defense. In its motion, Defendant avers that immediately following the accident, Plaintiff was taken to University Hospital for care and treatment where tests

determined that his blood alcohol content ("BAC") was .127. Defendant asserts that, under Colorado law, this precludes Plaintiff's recovery of UM benefits because it establishes that Plaintiff was driving under the influence of alcohol during the accident and was thus negligent. Defendant argues that granting leave to amend its answer is within this Court's sound discretion, should be freely given when justice so requires, and that Plaintiff will not be prejudiced by the amendment because this case is still in its incipient stages.

Plaintiff counters with two arguments. First, his comparative negligence is inapposite because it is not an affirmative defense to any of his claims. Second, Defendant waived this defense and evidence in support thereof because Defendant failed to raise it prior to litigation.

## II. Law

This motion implicates both federal and state law. (I note parenthetically that because this case is a diversity action, federal law governs procedural matters and Colorado state law provides the substantive law. *See*, *e.g.*, *Skidmore, Owings & Merrill v. Canada Life Assur. Co.*, 907 F.2d 1026 (10th Cir. 1990).) Defendant's motion draws on federal law–Fed. R. Civ. P. 15(a)(2). Plaintiff's response raises Colorado state law issues. I delineate these in turn.

### *A. Rule 15(a)(2)*

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely grant leave when justice so requires." *Id*. The purpose of Rule 15(a)(2) "is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). The Rule "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party

would result." *Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *United States v. Houghman*, 364 U.S. 310, 316 (1960)).

The decision whether to grant leave to amend the proceedings pursuant to Rule 15(a) is within the court's wide discretion. *See Minter*, 451 F.3d at 1204 (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971)); *see also Calderon v. Kan. Dep't of Soc. & Rehab. Servs.*, 181 F.3d 1180, 1187 (10th Cir. 1999). Accordingly, the trial court's decision will not be reversed "absent an abuse of discretion." *Minter*, 451 F.3d at 1204. These principles apply when a defendant seeks leave to amend its answer. *See Bylin, supra.*

### *B. Colorado Law*

Colorado law expresses solicitude for insureds–especially for their UM coverage. Courts will void insurance contract provisions and insurer's actions that dilute UM coverage by "forcing insureds to traverse undue procedural hurdles and re-litigate matters in order to recover under their UM coverage." *State Farm Mut. Auto. Ins. Co. v. Brekke*, 105 P.3d 177, 185 (Colo. 1994). Additionally, an insurer waives its right to assert defenses in litigation that it did not raise when it denied liability on other grounds prior to litigation. *See Fed. Life. Ins. Co. v. Wells*, 56 P.2d 936 (Colo. 1936); *Colard v. Am. Family Mut. Ins. Co.*, 709 P.2d 11, 15 (Colo. App. 1985).

An insured's right to UM coverage, however, is not inviolable. Plaintiff's policy–i.e., his contract with Defendant that underlies his breach of contract claim–specifically states that with regard to UM coverage, Defendant "will pay compensatory damage for bodily injury which [Plaintiff] is *legally entitled to recover from the owner or operator of an uninsured motor vehicle or an  underinsured motor vehicle*." Colorado insurance law countenances and affirms this provision. It requires that automobile insurance carriers provide UM coverage for those insureds

"who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness, or disease, including death, resulting therefrom . . . ." Colo. Rev. Stat. § 10-4-609(1)(a) (2010). "Under the statute, the insurer must pay to the insured, up to the limit of the policy, whatever losses the insured proves he or she is 'legally entitled to recover' from the uninsured motorist." *Briggs v. Am. Family Mut. Ins. Co.*, 833 P.2d 859, 861 (Colo. App. 1992); *accord Brekke*, 105 P.3d at 185 ("Section 10-4-609 requires that an insured be 'legally entitled to recover damages from owners or operators of uninsured motor vehicles' in order to invoke UM coverage."). Therefore, in a breach of contract claim against his insurer, the plaintiff "has the burden to prove that the uninsured [or underinsured] motorist was negligent and the extent of the damages." *Briggs*, 833 P.2d at 861. "Consequently a finding of no liability or of limited damages on the part of the uninsured [or underinsured] motorist will eliminate or limit a claim under the insurance provider's UM coverage." *Brekke*, 105 P.3d at 188. Whether a plaintiff-insured is "legally entitled to recover" can be contested in a proceeding against the third-party or in one against the insurer. *Briggs*, 833 P.2d at 861.

Determining whether a plaintiff was "legally entitled to recover" from a third-party implicates Colorado tort law. In Colorado's tort regime, a plaintiff's comparative negligence can preclude his recovery from an otherwise negligent defendant if the plaintiff's negligence was equal to or greater than the defendant's negligence. *See* Colo. Rev. Stat. § 13-21-111(1) (2010). Even if the plaintiff's comparative negligence is less than the defendant's, any damages allowed must be reduced in proportion to the amount of negligence attributable to the plaintiff. *Id.*

Though not dispositive, *see Noel v. Jones*, 350 P.2d 815, 818 (Colo. 1960), a plaintiff's BAC and possible intoxication are relevant to determining his comparative negligence. *See*

5

*Wark v. McClellan*, 68 P.3d 574, 580 (Colo. App. 2003). They may also be relevant in determining whether a plaintiff was negligent per se. *See Hageman v. TSI, Inc.*, 786 P.2d 452, 453-54 (Colo. App. 1989) (explaining that the "[v]iolation of a statute or ordinance adopted for the public's safety may be negligence per se and establish the violator's civil liability for all damages proximately caused thereby" and that the doctrine has established negligence for violations of, *inter alia*, motor vehicle safety statutes and motor vehicle and pedestrian safety ordinances); Colo. Rev. Stat. § 42-4-1301(1)(a), (2)(a) (2010) (providing that "[i]t is a misdemeanor for any person who is under the influence of alcohol or one or more drugs, or a combination of both alcohol and one or more drugs, to drive a motor vehicle or vehicle" and that "[i]t is a misdemeanor for any person to drive a motor vehicle or vehicle when the person's BAC is 0.08 or more at the time of driving or within two hours after driving").

Lastly, even in cases where the insured and insurer's litigation relationship is less adversarial than it is here–such as when an insured is suing both an uninsured motorist and his insurer in tort–Colorado courts still must "protect the insurance provider's interests in receiving a fair hearing such that it may raise legitimate defenses." *See Brekke*, 105 P.3d at 187-91.

### III. Discussion

Defendant contends that granting its motion will not prejudice Plaintiff; that Plaintiff's comparative negligence is relevant as an affirmative defense; and that it did not waive the defense. For the reasons below, I agree with Defendant and accordingly grant its motion and accept its tendered amended answer.

### *A. Whether Granting Defendant's Motion Would Prejudice Plaintiff in Violation of Rule 15(a)(2)*

To begin, consonant with the language and purpose of Rule 15(a)(2), my predilection is to grant Defendant's motion. *See* Fed. R. Civ. P. 15(a)(2); *see also Minter*, 451 F.3d at 1204. As discussed more fully in Part III.B, *infra*, Plaintiff's comparative negligence bears directly on the merits of this case because it may serve as an affirmative defense to at least one of Plaintiff's claims. Granting Defendant's motion therefore furthers Rule 15(a)(2) by providing "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter*, 451 F.3d at 1204 (internal quotations omitted). The inquiry thus turns to whether allowing the amendment would impermissibly prejudice Plaintiff.

I conclude in my wide discretion that it would not. Courts typically find prejudice only when the amendment unfairly affects non-movants "in terms of preparing their [response] to the amendment." *Minter*, 451 F.3d at 1208 (citing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971) (finding that there was no prejudice because the amendment was authorized several months prior to trial)); *see also Bylin*, *supra*. This case is nascent–a case management conference has not been scheduled, case management deadlines have not been established, discovery has not begun, and a trial is not within sight. Plaintiff will therefore have "adequate notice" of the new defense and "ample opportunity to respond," militating against finding prejudice. *See Bylin*, 568 F.3d at 1230. Allowing the amendment will certainly result in some practical prejudice to Plaintiff. But "practical prejudice" does not suffice to deny a motion to amend. *See Patton*, 443 F.2d at 86. Nor does the fact that the non-moving party might have prevailed but for the amendment. *Id.* Instead, the inquiry is "whether the allowing of the amendment produced a grave injustice to the [non-moving party]." *Id.* For the reasons explained above and further explained below, I find no

such injustice here.

### B. Whether Plaintiff's Comparative Negligence is an Affirmative Defense

Plaintiff first contends that Defendant's motion should be denied because comparative negligence is not a defense to any of his asserted claims. I disagree. Assembling the law delineated in Part II, *supra*, plainly shows that Plaintiff's comparative negligence during the accident, if any, is irrefutably relevant to the instant case because it may serve as an affirmative defense. Per Plaintiff's policy and Colorado law, Plaintiff must prove that he is "legally entitled to recover" from the third-party to prevail on his breach of contract claim. *See* Colo. Rev. Stat. § 10-4-609(1)(a); *see also Briggs, supra*; *Brekke, supra*. This means that Plaintiff "has the burden to prove that the [third-party] motorist was negligent and the extent of the damages." *Briggs*, 833 P.2d at 861. If it could be established that Plaintiff's negligence was equal to or greater than the third-party's negligence, Plaintiff would be precluded from recovering his UM benefits. *See* Colo. Rev. Stat. § 13-21-111; *see also Brekke*, 105 P.3d at 188. And Plaintiff's BAC, alcohol consumption, and possible intoxication at the time of the accident are relevant to determining his negligence. *See Wark*, 68 P.3d at 580; *see also Hageman*, 786 P.2d at 453-54; Colo. Rev. Stat. § 42-4-1301(1)(a), (2)(a). Plaintiff's comparative negligence, if any, and evidence thereof is therefore relevant as a possible affirmative defense.

### C. Whether Defendant Waived Plaintiff's Comparative Negligence as an Affirmative Defense Prior to Litigation

Plaintiff next argues that Defendant's motion should be denied because Defendant waived this defense by not raising it prior to litigation. Plaintiff cites *Colard* for the proposition that a defendant-insurer waives every defense it does not assert or reserve prior to litigation. This statement is too broad and thus distorts the rule. *Colard* more narrowly held that the

defendant-insurer "waived its right to assert failure to timely forward suit papers as a defense *because it denied liability on the basis of coverage only*" prior to litigation. 709 P.2d at 15 (emphasis added). Furthermore, *Colard* cited *Wells* for its holding, and *Wells*' rule is similarly narrower than Plaintiff's argument. *Wells* held that "[i]n basing its denial of liability and its refusal to pay upon [*the ground that the policy does not cover the claim*] *only*" prior to filing its answer, "the [defendant-insurer] waived the right to insist upon all other grounds of objection . . . ." 56 P.2d at 938 (emphasis added).

Thus, the rule emanating from *Wells* and *Colard* is that if a defendant-insurer denies liability prior to litigation on some specified defense, it waives all those defenses not asserted. That did not occur here. To the contrary, Plaintiff states in his March 8, 2011, complaint that, as of the complaint's date, Defendant had "not responded" to his request for UM benefits–not that Defendant had denied coverage. Moreover, in a January 11, 2011, letter from Defendant to Plaintiff in which Defendant approved Plaintiff settling with the third-party and his insurer, Defendant stated the following:

> [Defendant] specifically reserves the right to complete its own determination of coverage and evaluation of the full settlement value of this claim. Our permission to settle does not constitute any agreement or acknowledgment of any kind that coverage is available under the [UM] provisions of the policy . . . .

That is the last pre-litigation correspondence between the parties I have before me. I also note that in its original answer, Defendant denied that Plaintiff was not negligent in the accident and that he was legally entitled to collect from the third-party. The above illuminates that Defendant did not deny coverage prior to litigation. *Wells* and *Colard* thus do not apply. Moreover, if Plaintiff's position is adopted and followed to its logical conclusion, an insured could prevent an insurer from asserting any defense in litigation by filing suit immediately after filing an

insurance claim, before the insurer can respond or assert any basis for denying coverage. This cannot be so.

Plaintiff also misuses *Brekke*. Allowing Defendant to amend its answer to include this affirmative defense does not impermissibly dilute Plaintiff's UM coverage. It does not impose "a hurdle" in front of Plaintiff. Defendant is simply attempting to assert a defense consonant with Colorado insurance law–that Plaintiff must be legally entitled to recover from the owner or operator of an under or un uninsured motor vehicle in order to collect UM benefits. *See* Colo. Rev. Stat. § 10-4-609(1)(a); *see also Briggs*, *supra*. Put differently, Defendant's comparative negligence defense is no more of a "hurdle" than C.R.S. § 10-4-609. Nor would granting Defendant's motion force Plaintiff to "re-litigate" an issue previously determined. There has been no such prior determination.

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Amend Answer to Assert Additional Affirmative Defense **[Doc #11]** is GRANTED, and its amended answer tendered therewith is accepted.

Date: September   2  , 2011 in Denver, Colorado.

                                            BY THE COURT:

                                             s/Lewis T. Babcock
                                            LEWIS T. BABCOCK, JUDGE